## PIKE *vs.* MIDDLETON.

Towns may bind themselves by vote to indemnify a collector of taxes from the costs and expenses of defending actions brought against him, for acts done in the performance of his duties.

And selectmen may bind a town to the same extent, under the fourth section of the act of the 28th of June, 1827, which provides that they " shall have the ordering and managing of all the prudential affairs of the town."

The selectmen have a discretionary power to give an indemnity to a collector, on behalf of the town; and the fact that they have given such an indemnity is *primâ facie* evidence that there was a proper occasion, and the burthen of proving the contrary is upon the town.

Where, upon the election of a person by a town to the office of collector, he gave a bond to the town, with condition for the faithful discharge of his duties, and, at the end of the condition, was this clause, " all suits where the validity of taxes is contested, to be defended by said town, and costs by them paid," and the selectmen received the bond, and committed the taxes to him for collection, it was *held* that although the bond was not required by the statute, still the above facts were evidence from which the jury might infer a promise by the selectmen, on behalf of the town, to indemnify the collector, according to the language of the clause in the bond.

ASSUMPSIT, against the town of Middleton, to recover certain expenses incurred by the plaintiff in defending an action brought against him, as collector of taxes for the town, by one Cloutman, in which Cloutman recovered judgment.

Plea, the general issue.

It appeared that at an adjournment of the annual meeting of the town, in August, 1831, one David Davis, who had been before that time collector of taxes, was permitted by the town by vote, to resign that office, and that the plaintiff was chosen by the town to fill the vacancy thus created.

Upon his election, the plaintiff gave a bond to the town of Middleton, with condition for the faithful performance of the duties of his office. At the end of the condition of the bond was the following clause: " all suits, where the validity of taxes is contested, to be defended by said town, and costs by them paid."

The plaintiff, by virtue of his authority as collector, distrained the property of one Cloutman, for the non-payment

Pike *v.* Middleton.

of a tax. Cloutman brought an action against him, and recovered judgment, as appears by the report of the case, *Cloutman* vs. *Pike*, 7 *N. H. Rep.* 209. The plaintiff then brought this suit, to recover the costs, expenses, &c., incurred in the defence of that action.

The bond was delivered by Pike to the selectmen, who thereupon committed to him the list of taxes, with a warrant in due form for their collection. It also appeared that the plaintiff notified the town of the pendency of the action, *Cloutman* vs. *Pike*, soon after its commencement.

A verdict was taken for the defendant, upon which judgment is to be rendered, by agreement of the parties, or it is to be set aside, and judgment rendered for the plaintiff, according to the opinion of the court upon the foregoing case.

*Hale*, for the plaintiff, contended that it was competent for the selectmen of a town, in managing the prudential affairs of the town, to make a valid agreement, binding upon the town, to indemnify a collector for such costs as might be incurred by him in the performance of his duty.

*Hobbs*, for the defendant. An indemnity, like this, is no part of the prudential affairs of a town. A bond is not required by law, except where the collector is appointed by the selectmen. The whole matter was extra official. This plaintiff is a co-trespasser with the town. If the town had directed him to collect the tax, and the collection were wrongful, the town would not be bound to contribute. *Merryweather* vs. *Nixon*, 8 *T. R.* 186.

When an agent knows that the act which he is to do, is a trespass, he cannot make his principal liable for damages he may have to pay. *Story on Agency* 347.

GILCHRIST, J. The first question in the case is, whether the selectmen may bind the town by an agreement to indemnify the collector for costs and expenses which he may incur

in defending suits brought against him, on account of acts done by him in his official capacity. If they may, the question will then arise as to the character of the evidence by which such an agreement may be proved.

That towns may, in certain cases, indemnify their agents, appears to be well settled, and upon sound reasons. In the case of *Nelson* vs. *Milford, 7 Pick.* 18, the assessors committed an error in the assessment of a tax. In order to prevent the bringing of suits against them by persons whose property had been distrained for the non-payment of the tax, the assessors refunded the amount which had thus been collected, and the town afterwards voted to raise money, and repay to the assessors the money which they had thus paid for the use of the town. It was held, that after such vote an action would lie in favor of the assessors, to recover the sums they had paid. The same principle was reässerted in *Bancroft* vs. *Lynnfield, 18 Pick.* 566, where it was held that a town might indemnify a surveyor, or other agent, against any charge or other liability he might incur in the *bona fide* discharge of his duty, although it should turn out on investigation that he mistook his legal rights and authority. To the same effect is the reasoning of the court in the case of *Thayer* vs. *Boston,* 19 *Pick.* 516.

It is necessary that a town should possess this power in many cases, in order to enable it to discharge its obligations, both to individuals and to the public. Before the passage of the act of June 16, 1836, a collector was liable for any illegality in the assessment of a tax. He was, therefore, exposed to frequent litigation, and was answerable for the acts of others, over whose doings he had no control. Cases then might, and frequently did arise, in which, without an indemnity, it was difficult to find any competent person, who, for the small compensation usually allowed such officers, would consent to expose himself to almost inevitable pecuniary loss. A proper and necessary tax is often resisted, on account of some formal irregularity, and still more so, when it is un-

popular, or believed by the minority to be injudicious. In such cases, the slightest legal doubt is seized upon, to evade the payment of the tax. A collector is not bound to accept the office to which he is elected; the statute expressly excuses him from serving, unless he choose. When there is reason to apprehend difficulties in the collection of a tax, from whatever cause they may arise, the interests of the town might suffer severely, if an indemnity could not be offered. For non-collection of a tax, a town may be liable to a penalty, or to suits by its creditors. If no one can be found to take upon himself the responsibility of collecting a tax, the town would, in many cases, suffer more pecuniary loss from the payment of penalties, and the cost of lawsuits, than if it had, in the first instance, tendered such an indemnity as would induce a reasonable man to perform this duty. An inability to give an indemnity would result in the public duties being performed timidly and with hesitation, instead of the decision and firmness so necessary to the public interests.

It would hardly be contended that because the plaintiff in a writ was a town, a sheriff would be bound to serve it in all cases without an indemnity. He is not bound to do so for individuals. It will be no breach of his official duty to refuse to serve civil process where his proceedings may make him a trespasser, until he shall have an indemnity from the creditor. *Marsh* vs. *Gold & a.*, 2 *Pick.* 291. Promises to indemnify officers are not, in their own nature, vicious or void; it is only when they are made as inducements to a known and voluntary violation of duty, that they become so. The case is the same with collectors. A promise to indemnify a collector, if he would collect, by pretence of his official authority, a tax which he knew was illegal, would be an agreement to violate the law, and could not be enforced. A contract to perform an illegal act, a bribe to commit a wrong, are very different things from a promise to indemnify an honest agent against the consequences of an act, the legality of which is a doubtful question between contending

parties, and in performing which all parties are actuated only by a desire to do what is right.

If, then, towns may indemnify by a vote, a collector against the consequences of his acts, in a doubtful case—and we are of opinion that they may—the question arises, whether the same power may be exercised by the selectmen?

The fourth section of the act regulating towns, and the choice of town officers, *N. H. Laws* 453, (*Ed. of* 1830,) provides that the selectmen "shall have the ordering and managing of all the prudential affairs of the town." Among the prudential affairs, the first in importance are the assessment and collection of taxes. Matters relating to taxes are probably the most invidious part of their duties, and more litigation has arisen from them than from any other source. It is easier to say whether a certain matter belongs to the prudential affairs of the town, than to give a comprehensive definition of the phrase, without enumerating the particular duties which are included within it. "The very nature of their general agency, and of the affairs to be managed," as is said by Mr. Justice Woodbury, "must confine selectmen to such acts or business as belong to the agency, as are necessary to the discharge of its duties, and as, in the exercise of a sound discretion, would be proper." *Sanborn* vs. *Deerfield*, 2 *N. H. Rep.* 253. The attempt to define this, or a similar phrase, has been made by the supreme court of Massachusetts, but without much success, as is admitted by the court, owing to the difficulties inherent in the subject. *Stetson* vs. *Kempton & a.*, 13 *Mass. R.* 272; *Willard* vs. *Newburyport*, 12 *Pick.* 227; *Spaulding* vs. *Lowell*, 21 *Pick.* 71. But all matters and things necessary to be done in order to carry into effect the lawful powers of towns, seem, in the cases above cited, and from the reason of the thing, to be embraced in the phrase. Suppose a vacancy to occur in the office of collector, which, by statute, may be filled by a person appointed by the selectmen; that difficulties are apprehended in the collection of a tax, which must be paid into

Pike *v.* Middleton.

the treasury before a meeting of the town could be notified and holden; and that a proper person to perform the duties could not be found, unless upon a promise of indemnity. Here the interests of the town may imperatively require that an indemnity should be given by the selectmen; and it would clearly be necessary, in order to enable the town to perform its obligations. In such case, the power to give an indemnity would clearly result from their duty to manage the prudential affairs of the town. The exercise of the power must depend upon their sound discretion. Their action would be of a judicial character. And without wishing to extend their powers beyond a fair construction of the act, we are of opinion that this power is possessed by the selectmen, and that, in the absence of all evidence that the power was exercised for an improper purpose, or without good cause, the fact that an indemnity has been given to a collector of taxes by the selectmen is *prima facie* evidence that it was properly given, and that the burthen of proving the contrary is upon the town seeking to discharge itself of its liability. We are, therefore, of opinion, that in the case before us the selectmen had the power to bind the town by a promise to indemnify the plaintiff.

The second question is, whether the plaintiff has proved such an agreement. The defendant contends, that as a bond is not required by statute, where the collector is chosen by the town, the taking the bond was unauthorized by law, and the bond itself is void. From this it is argued, that the bond is not admissible in evidence for any purpose, and that it can furnish no evidence of a promise to indemnify. But the validity of the bond, as a security for the performance of the duties of the collector, is not now in question. An instrument may not effect the purpose for which it was intended; and yet it may contain an admission of a fact, signed by the party to be charged. The inference to be made from the clause quoted from the bond, is, that the plaintiff required an indemnity. The facts, that the bond containing this clause

was delivered to the selectmen, who received it and committed the taxes to the plaintiff for collection, are evidence that they assented to his demand for an indemnity, and agreed to give it. They probably supposed that a bond was necessary, or at least that his sureties would be liable for his default; and they were willing to accept the security, coupled with this condition. The case of the plaintiff is certainly as strong as it would have been, if, before receiving the list of taxes, he had said to the selectmen that he would not collect them unless they would agree to indemnify him on behalf of the town; and they, without making any objection to his proposition, had thereupon committed the list of taxes to him for collection. That would be competent evidence to submit to the jury, and that is all the effect we are asked to give to the evidence in this case; and all we decide is, that it is *prima facie* evidence of a promise to indemnify. We are, therefore, of opinion that the verdict for the defendant should be set aside, and that there should be

*Judgment for the plaintiff.*

